**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN PHILLIP HOOVER<br>42 Eagle Drive<br>Ephrata, PA 17522 | :<br>:<br>: | |
| Plaintiff, | :<br>: | CIVIL ACTION |
| | : | No. _____ |
| v. | :<br>: | |
| ROSENBERGER NORTH AMERICA<br>AKRON, LLC<br>309 Colonial Drive<br>Akron, PA 17501 | :<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendant. | :<br>: | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Justin Phillip Hoover, (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Rosenberger North America Akron, LLC (hereinafter referred to as "Defendant") for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA" - 38 U.S.C. § 4301 *et. seq*.). As a result of Defendant's unlawful actions, Plaintiff has suffered the damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's

state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## **PARTIES**

5. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6. Plaintiff is adult who resides at the above-captioned address.

7. Rosenberger North America Akron, LLC is a Pennsylvania corporation engaged in the manufacture of impedance-controlled and optical connectivity solutions, providing high-frequency, high-voltage, and fiber-optic technology for mobile communication networks, data centers, test and measurement applications, automotive electronics, as well as high-voltage contact systems, medical electronics, and military and aerospace engineering. Rosenberger North America Akron, LLC is located at the above captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

10. Plaintiff was hired by Defendant on or about September 20, 2021, as a Systems Engineer.

11. During his employment with Defendant, Plaintiff was primarily supervised by IT Manager, Franklin Cunalata (hereinafter "Cunalata").

12. Throughout his employment with Defendant, Plaintiff was a hard-working employee, who performed his job well.

13. At all times relevant hereto, Plaintiff was and continues to be a member of the Pennsylvania Army National Guard (hereinafter "National Guard").

14. Plaintiff would occasionally need to take time off from work to attend various National Guard trainings.

15. For example, in or about November of 2021, Plaintiff made Defendant aware that he had been ordered to full-time National Guard Duty, from on or about January 22, 2022, until on or about February 4, 2022, and provided a copy of his orders to Cunalata.

16. Plaintiff experienced hostility and animosity towards his military training/background and need to take off from work to attend various National Guard trainings from Cunalata.

17. For example, Cunalata would often question whether Plaintiff really had military training and informed Plaintiff that he would "have to ask around" to see if Plaintiff really needed to go to said training.

18. On or about April 6, 2022, Plaintiff received orders to report full-time National Guard Duty from on or about May 10, 2022, until on or about September 1, 2022. Plaintiff provided Cunalata with a copy of his orders.

19. Almost immediately after informing management, including but not limited to Cunalata, of his upcoming approximately 4-month National Guard Duty, Plaintiff was subjected to increased animosity and hostility from Cunalata because of his military status and required training. By way of example, but not intended to be an exhaustive list:

    a. Cunalata initially informed Plaintiff, "well I just won't let you go." When Plaintiff advised Cunalata that it was illegal to refuse to allow him to report to National Guard Duty, Cunalata responded that he "would have to ask around to make sure that [Plaintiff was] not lying"; and

    b. Cunalata then tried to convince Plaintiff to "just not go." When Plaintiff advised Cunalata that a refusal to follow orders to report to National Guard Duty could result in him being subjected to a dishonorable discharge and/or serious military charges against him, Cunalata continued to admonish Plaintiff for having to take off from work for training.

20. As a result of the unfair treatment he was receiving from Cunalata with regard to having to take off work to report to National Guard training, Plaintiff complained to Defendant's Human Resources ("HR"), and provided a copy of his Drill Schedule and orders.

21. When HR advised Plaintiff to reach out to Cunalata directly with his concerns, Cunalata angrily berated Plaintiff for reaching out directly to HR.

22. Cunalata then grudgingly allowed Plaintiff to take time off for National Guard Duty training, from on or about May 10, 2022, to on or about September 1, 2022, but mockingly

stated to Plaintiff, "I guess giving you your job back when you return from National Guard Duty counts as giving back to our country."

23. When Plaintiff returned from full-duty National Guard training in early September of 2022, he took over Cyber Security duties for Defendant, as a result of a Certification he had acquired while training with the National Guard.

24. However, rather than providing Plaintiff with an opportunity, as he initially thought, Defendant's management, including but not limited to Cunalata began to overload him with duties – to the extent that Plaintiff was required to perform the work of two separate job positions.

25. Following Plaintiff's return from National Guard duty in September of 2022, Cunalata also continued to make disparaging comments about Plaintiff's approximately 4-month leave from work for training and his status in the military.

26. Thereafter, on or about January of 2023, Plaintiff reached out to Cunalata about a possible raise, given that he was now performing the work of two employees for Defendant.

27. In response to Plaintiff's request for a raise in or about January of 2023, Cunalata informed Plaintiff that management felt he was "hurting the company," as he had been gone for over 4 months last year (*i.e.,* for full-duty National Guard training).

28. When Plaintiff responded to Cunalata that he had only taken time off from work from May 10, 2022, until on or about September 1, 2022, for full-duty National Guard training, which he was obligated by law to report for, Cunalata did not reply.

29. Plaintiff was then abruptly terminated on or about February 6, 2023, and informed by Cunalata that Defendant was "going in a different direction," without further detail.

30. Plaintiff believes and therefore avers that he was actually terminated because of his status and obligations as an active member of the Pennsylvania Army National Guard.

## COUNT I
### Violations of the the Uniformed Services Employment and Reemployment Rights Act ("USERRA" - 38 U.S.C. § 4301 *et. seq.*)
**(Discrimination & Retaliation - Wrongful Termination)**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff is an active member of the military, and he has military obligations.

33. Defendant's management, including but not limited to Cunalata, exhibited hostility towards Plaintiff's military obligations, including advising Plaintiff that he should "just not go," questioning whether Plaintiff really had military training or was lying, and informing Plaintiff that he would "have to ask around" to see if Plaintiff really needed to go to said training.

34. Plaintiff believes and therefore avers that he was terminated from Defendant and not permitted to retain his employment with Defendant due to his military obligations, status, and affiliation, including his time off from work.

35. Defendant's actions of terminating Plaintiff constitute violations of USERRA.

## COUNT II
### Pennsylvania Military Affairs Act ("PMAA"), as amended, 51, Pa.C.S.A. §§ 7301, *et seq.*
**(Discrimination & Retaliation - Wrongful Termination)**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff re-asserts and re-alleges each and every all allegations as set forth in Count I of his Complaint, as these actions constitute identical violations of the PMAA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiffs shall be permitted to have a trial by jury as requested in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 23, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Justin Phillip Hoover | : | CIVIL ACTION |
| v. | : | |
| Rosenberger North America Akron, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 3/23/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 42 Eagle Drive, Ephrata, PA 17522

Address of Defendant: 309 Colonial Drive, Akron, PA 17504

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/23/2023   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/23/2023   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HOOVER, JUSTIN PHILLIP

**DEFENDANTS**
ROSENBERGER NORTH AMERICA AKRON, LLC

**(b)** County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- **X** 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USERRA (38USC4301)
Brief description of cause:
Violations of the USERRA.

## VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes   No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 3/23/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print | Save As... | Reset